# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2023

Lyle W. Cayce
Clerk

————————

No. 22-50756

————————

WEI LI; YA ZHOU; CHEN YANG; JIE SU; YUHAO XU; SHU WANG; LEI HUANG; HAIXIA XI,

*Plaintiffs—Appellants*,

*versus*

UR M. JADDOU, *Director of U.S. Citizenship and Immigration Services*,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-883

————————————————————

Before JONES, WILLETT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Two[1] noncitizens residing in the United States allege that United States Citizenship and Immigration Services (USCIS) has been stalling in

————————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Thirty-three plaintiffs originally filed suit. Only two have pending applications as of this writing. Adjudication renders unreasonable-delay claims moot, so this case only presents a justiciable controversy as to the two plaintiffs with unadjudicated applications.

the adjudication of their green-card applications. They ask the court to compel the agency to take action on their pending applications: grant them, deny them, it doesn't matter—just make a decision. According to the plaintiffs, even though their forms are complete and "adjudication ready," the agency has "taken no action" on them. They conclude that the inaction violates the APA's command that the agency resolve the matter "within a reasonable amount of time." The district court dismissed the case pursuant to Fed. Rule Civ. Pro. 12(b)(6) and held that the delay was not unreasonable at the time of plaintiffs' petition. The plaintiffs appeal.

Courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency [1] failed to take a *discrete* agency action that [2] it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64, 124 S. Ct. 2373, 2379 (2004) ("*SUWA*") (numbering added). "A court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding regulation." *Fort Bend Cnty. v. United States Army Corps of Engineers*, 59 F.4th 180, 197 (5th Cir. 2023) (quoting *SUWA*, 542 U.S. at 63, 124 S. Ct. at 2379).[2] The grant or denial of an I-485 is a "discrete agency action," so the only issue is whether USCIS was "required to take" action on the I-485s by the time the plaintiffs say it should have.

_____

*See Bian v. Clinton*, 2010 WL 3633770, at *1 (5th Cir. Sept. 16, 2010) (per curiam) (vacating earlier opinion on mootness grounds because "the government has adjudicated [the] application").

[2] The plaintiffs frame their analysis in terms of the so-called *TRAC* factors, *see Telecomm. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984), but this circuit has never adopted that multi-factor test.

The plaintiffs have failed to state a plausible claim of unreasonable delay.[3]  The two non-mooted plaintiffs filed their I-485s on October 28, 2020. When they filed their amended complaint, the forms had been pending for just under 12 months.  Although Congress enacted an aspirational goal of six months, 8 U.S.C. § 1571(b) ("180 days"), there is no clear mandate here such that we can say the USCIS was *required* to act within six months, or even within a year.  Accordingly, the district court did not reversibly err in dismissing the claims without prejudice to renewal.  *See Fort Bend Cnty.*, 59 F.4th at 198 (dismissing § 706(1) claim because the statutory "language does not impose a mandatory duty on the" agency to act within a specific time frame).

For the foregoing reasons, we find no plausible basis for an undue-delay claim.  The judgment of the district court is AFFIRMED.

_____

[3] This court reviews *de novo* district court decisions dismissing for failure to state a claim.  The well-known "plausibility" standard articulated in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955 (2007) governs here.